UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JUSTIN EUGENE JOHNSON     Plaintiff

v.     Civil Action No. 3:21-CV-P346-RGJ

LOUISVILLE, KENTUCKY JEFFERSON
COUNTY     Defendant

\* \* \* \* \*

## MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff Justin Eugene Johnson's *pro se* complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the action will be dismissed.

### I.

Plaintiff is a pretrial detainee incarcerated in the Louisville Metro Detention Center. He brings this action pursuant to 42 U.S.C. § 1983 against "Louisville, Kentucky Jefferson County," alleging, *in toto*, as follows:

> On 4-28-2021 I was detained and given an 50,000.00 full cash Bond. On 4-29-2021 at Arrigment Bond was raised to 100,000 full cash Bond. My Amendment VII is violated due to Excessive Bail. Excessive Bail is not required, nor Excessive fines imposed, or inflicted.
>
> The city of Louisville, Ky in Jefferson county violated the constitution, an my rights as a citizen.

As relief, Plaintiff seeks damages, expungement of his record, and release from custody.

### II.

When a prisoner seeks relief against governmental entities, officers, and/or employees, the trial court must review the complaint under 28 U.S.C. § 1915A and dismiss the complaint, or any

portion thereof, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

### III.

The Court construes the claim against Defendant "Louisville, Kentucky Jefferson County" as being brought against the merged Louisville Metro Government. *See St. Matthews Fire Prot. Dist. v. Aubrey*, 304 S.W.3d 56, 60 (Ky. Ct. App. 2009) (stating that "Jefferson County and the City of Louisville have merged to form the Louisville Metro Government"). To demonstrate liability against a municipality like the Louisville Metro Government, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

Here, Plaintiff fails to allege a policy or custom that caused his alleged harm. For this reason, the claims against the Louisville Metro Government will be dismissed for failure to state a claim upon which relief may be granted.

Additionally, Plaintiff's request for expungement of his record fails to state a claim upon which relief may be granted because "[t]he right to expungement of state records is not a federal constitutional right." *Duke v. White*, 616 F.2d 955, 956 (6th Cir. 1980).

Finally, to the extent that Plaintiff seeks release, such relief is not available under § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *see also Johnson v. Chisholm*, No. CV 409-143, 2009 WL 3481904, at *1 (S.D. Ga. Oct. 28, 2009) (explaining that pretrial detainee seeking preliminary and permanent injunctions of his state criminal proceedings, dismissal of his state charges, and immediate release failed to advance a cognizable claim under § 1983).

**IV.**

For these reasons, the Court will enter a separate Order dismissing the instant action.

Date:

cc: Plaintiff, *pro se*
      Jefferson County Attorney
A961.005